# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

## PRISONER COMPLAINT
[FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

__Calvin L. Middleton__
Name under which you were convicted

__201915__
Your prison number

vs.

__Jefferson Dunn, et al__
Name of Defendant(s)

CIVIL ACTION NO. __1:17-CV-401-WS-N__
(To be supplied by Clerk of Court)

FILED SEP 6 '17 PM 1:13 USDCALS

__Holman Corr. Facility Holman 3700 Atmore, Al. 36503__
Place of Confinement and Address

## INSTRUCTIONS - READ CAREFULLY

A. <u>Complaint Form</u>. You must file your original complaint and a copy for each named Defendant. Your complaint must be <u>clearly</u> handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. <u>Any false statement of material fact may serve as the basis for prosecution for perjury</u>.

B. <u>Proper Court</u>. Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. <u>Separate Case</u>. It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. <u>Defendants</u>. The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other pleading filed with the Court.

Rev. 8/1/15

E. <u>Pleading the Complaint</u>. Your complaint <u>should</u> <u>not</u> contain legal arguments, case law or statutory citations. You are required to provide facts. Your complaint shall be a <u>short</u> and <u>plain</u> statement of your claim and shall provide fair notice <u>to</u> <u>each</u> <u>defendant</u> of the claim against that defendant and of the factual grounds upon which the claim rests.

F. <u>Fees</u>. This complaint cannot be properly filed unless it is accompanied by the $400.00 filing fee, or a motion to proceed without prepayment of fees if you are unable to afford the filing fee and other costs associated with prosecuting this action. If IFP is granted the filing fee is $350.00.

If you are unable to pay the filing fee and service costs for this action, you may ask the Court to let you proceed without prepayment of fees and costs. A blank motion for this purpose is included.

If you wish to proceed without prepayment of fees and costs, you must complete and mail to the Clerk of Court a copy of the "Motion to Proceed Without Prepayment of Fees" mailed to you with this complaint. This motion will be returned to you without action unless you have an authorized officer at the jail or prison complete the financial statement mailed to you with this form.

Even if the Court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $350.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20 percent of your average monthly balance in your prison account or your average monthly balance for six months immediately preceding the filing of your complaint. Thereafter, your prison account will be garnished at the rate of 20 percent of your monthly income until the filing fee is paid.

G. <u>Form of Pleadings</u>. All pleadings and other papers filed <u>must</u> be on 8 1/2" x 11" paper, <u>legibly</u> handwritten or typewritten. Every document filed after the complaint must have the style of the case and the <u>docket</u> <u>number</u>. Every pleading must be signed by you and must contain your address and telephone number, if any; otherwise, the pleading <u>will</u> <u>be</u> <u>stricken</u>. <u>See</u> Fed. R. Civ. P. 11(a). No notary is required.

H. <u>Certificate of Service</u>. Each pleading filed after the complaint <u>must</u> contain a certificate of service indicating that the pleading has been served on the opposing parties and the date that it was sent. A pleading <u>will</u> <u>be</u> <u>stricken</u> if it does not contain this certificate of service. <u>See</u> Fed. R. Civ. P. 5.

I. <u>Copies</u>. This Court <u>will</u> <u>not</u> make copies of your complaint or pleadings unless you prepay the required per page copying fee.

J. <u>Form of Pleadings</u>. <u>Do</u> <u>not</u> write letters to the Court. All pleadings and documents should be sent to the Clerk of the Court, and not to a magistrate judge or a district judge.

K. <u>No Evidence</u>. No evidence shall be sent to the Court for filing or storing.

I. <u>PREVIOUS LAWSUITS</u>.

2

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:
   Yes ( )   No (X)

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:
   Yes ( )   No (X)

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)

   1. Parties to this previous lawsuit:

   Plaintiffs: _____N/A_____

   Defendants: _____N/A_____

   2. Court (if federal court, name the district; if state court, name the county): __N/A__

   3. Docket Number: __N/A__

   4. Were you granted the opportunity to proceed without payment of filing fees?
   Yes ( )   No ( )

   5. Name of judge to whom the case was assigned: __N/A__

   6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

   _____N/A_____

   7. Approximate date of filing lawsuit: __N/A__

   8. Approximate date of ruling by court: __N/A__

II. <u>YOUR PRESENT COMPLAINT</u>.

A. Place or institution where action complained of occurred: __Holman Corr. Facility__

B. Date it occurred: __November 9, 2016__

C. Is there a prisoner grievance procedure in this institution? __NO__

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( )   No (✓)

E. If your answer is YES:

   1. What steps did you take? __N/A__

   2. What was the result? __N/A__

F. If your answer is NO, explain why not: __No Grievance__

G. Your claim (<u>briefly</u> explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

__See Attachment (G. your claim)__

III. PARTIES.

A. Plaintiff (Your name/AIS): Calvin L. Middleton

   Your present address: Holman 3700 Atmore, Al. 36503

B. Defendant(s): See Attachment (III Parties)

1. Defendant (full name) _____ is employed as _____ at _____.

   His/her present address is _____.

   (a) Claim against this defendant: _____

   (b) Supporting facts (Include date/location of incident): _____

2. Defendant (full name) _____ is employed as _____ at _____.

   His/her present address is _____.

   (a) Claim against this defendant: _____

   (b) Supporting facts (Include date/location of incident): _____

3. Defendant (full name) _____ is employed as _____ at _____.

   His/her present address is _____.

    (a) Claim against this defendant: _____

_____

    (b) Supporting facts (Include date/location of incident):

_____

_____

_____

C. <u>Additional Defendants</u>: (If there are additional defendants, you may list them on separate pages using the same outline above).

IV. A. You must answer the following questions:

    1. State the conviction(s) for which you are presently incarcerated: __Capital Murder/ Robbery__.

    2. When were you convicted? _____

    3. What is the term of your sentence? __LIFE__

    4. When did you start serving this sentence? _____

    5. Do you have any other convictions which form the basis of a future sentence?
       Yes ( )    No (X)

If so, complete the following:

    (a) Date of conviction: ____N/A____

    (b) Term of sentence: ____N/A____

    6. What is your expected end of sentence (E.O.S.) date? ___N/A___

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|  | Conviction | Sentence |
|---|---|---|
| Reversed | yes( ) no( ) | yes( ) no( ) |
| Expunged | yes( ) no( ) | yes( ) no( ) |
| Invalidated | yes( ) no( ) | yes( ) no( ) |

6

ATTACHMENT TO MY 42 USC §1983 CIVIL ACTION

G. YOUR CLAIM.

On November 7, 2016, members of the Alabama Department of Corrections C.E.R.T., Correctional Officer Scarborough and other Correctional Officers assigned to Holman Correctional Facility entered Bravo Unit (B-Dorm) to conduct the institutional count, at this time Holman Correctional Facility was in a serious crisis due to the overcrowding conditions of the entire Alabama Department of Corrections and the lack of Correctional Officers to protect and control the inmates, which resulting in the inmate (s) putting up makeshift tents to gain some space from the inmate he shares the 5'x6' living area with.

Once inside Bravo Unit and instructed the inmates to remove the makeshift tents they had around their beds while the inmates was removing the tents, one of the C.E.R.T.Members aggressively broke a stick from off an inmate bed Quandarian Falkner, as he was removing the tent from around his assigned bed, the C.E.R.T. Member action in aggressively breaking the stick resultesd in a reaction from the C.E.R.T.Members, Correctional Officers present and the Inmates, after a brief stillness, the count was conducted and the C.E.R.T.TEAM Members and Count Team exited the dorm.

Approximately two days later on November 9, 2016, at approximately 6:30 a.m. over 50 members of the Alabama Department of Corrections C.E.R.T.TEAM, entered Bravo Unit armed with their Riot Gear(Helmets with face Shields, Neck Collar, Body Vest, Shields, Arms and Legs Gear), and Shotguns, Knives, Mace and Sticks, while at least One-Hundred (100) of the One-Hundred and Fourteen (114), inmates assigned to Bravo Unit was sound asleep, and immediately Assaulted the inmates like they were Animals, without provocation, because the majority of the inmates were Harmlessly asleep, after about 35 to 45 minutes of assaulting the inmates, the C.E.R.T.TEAM Members[1] placed Plastic Restraining Tyes on the inmates to lay face down on their beds while other C.E.R.T.TEAM members was parading up and down Bravo Unit still assaulting and Harrassing the inmates and making statements belittling the inmates and making fun of those that had Gang Affiliation, statements like:"Where the GD's, Crips and Bloods at now", "Aryan Brotherhood & Nations where yall at", on "C.E.R.T. We will beat your Ass", "Yall Bitches and FucK Niggers stood up the other day Standup now...On C.E.R.T. we will beat your Ass", "Yall old Mutha Fuuckers in this Dorm yall better move to D & E Dorms, because when we come back, We going to beat some more of yall Ass Too".

---

1. Because the Alabama Department of Corrections C.E.R.T.TEAM Members, that entered Bravo Unit that Morning had their full full Riot Gear on, with no name tags and faces partially concealed, making it impossible to identify them at that time.

" Yall Stabbed Warden Davenport and killed Officer Bettis, pull something out now on C.E.R.T. we will beat your Ass". After the Assaults some of the inmates that were Assaulted unmercifully were taken to the infirmary, however, a lot of the injured inmates were refused a body chart and treatment by the nurses on duty, and was instructed to sign up for sick call, causing the inmates not to receive a body chart and treatment until days after the assault.

Between 6:30-7:00am I was sitting on my bed when the CERT Team entered Bravo Unit yelling get on your beds and lay face down with your legs cross and your hands behind your head, I immediately complied with the command, I heard the CERT Team members yelling profanity and obsene language at the inmates, I heard inmates screaming and hollering as they were being assaulted by the CERT Team, when the CERT Team got to my bed, I was told to stand up and turn around and put my hands behind my back, after I was put in a zip Tie, I was told to turn back around four CERT Team members commenced to beat me down to the fllor, one of them slapped me and the others just went to punching me and kicking me when I fell to the floor, I was kicked so hard in my side until it knocked the wind out of me, I had a big bruise on my side. I tried to go the infirmary, but was told that the infirmary was not seeing any more inmates per Lt. Kidd and Capt. Fails, this was reported to the me and the other inmates by Officer Vignolo over his radio.

ATTACHMENTS TO 42 U.S.C.§ 1983 COMPLAINT

III. PARTIES.

B. DEFENDANTS

1. Jefferson Dunn is employed as Commissioner of the Alabama Department of Corrections. Dunn address is 301 South Ripley Street Montgomery, Alabama 36130.
Dunn is responsible overseeing the operation of each of the facility within the Alabama Department of Corrections, including Holman and is responsible for the writing, implimentation and enforcements of the regulations, Policies and Customs of the Alabama Department of Corrections.

CLAIMS AGAINST DUNN.
I. ASSAULT & BATTERY
II. EXCESSIVE FORCE
III. Implimentation of the procedures used.
IV. Failure To Protect

SUPPORTING FACTS:

Plaintiff re-alleges the facts of his claims as set out in Section II. G. of this Complaint, and adopts and incorporates herein. Attachment to Complaint)

2. Grant Culliver is employed as Associate Commissioner of the Alabama Department of Corrections. Culliver address is 301 Ripley St. Montgomery Alabama 36130.
Culliver is Commander and Chief of the C.E.R.T. Team, and is responsible for over seeing and Operation of Holman Prison and ensuring that the Employees and inmates are protected and provided Medical Care.

CLAIMS AGAINST CULLIVER
I. Assault & Battery
II. Excessive Force
III. Implimentation of the Procedure Used
IV. Failure To Protect

SUPPORTING FACTS

Plaintiff re-alleges the facts of his claims as set out in Section II. G. of the Complaint, and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM)

3. Cynthia Stewart is employed as Warden III. at Holman Correctional Facility. Stewart address is Holman Unit 3700 Atmore, Al. 36503-3700.

Stewart is responsible for the day to day operation of Holman Correctional Facility and is responsible for the safety and protection of the inmates and ensuring that the inmates receive Medical Care.

CLAIMS AGAINST STEWART
I. Assault & Battery
II. Excessive Force
III. Failure to Protect/Intervene
IV. Denial of Medical Care

Supporting Facts:

Plaintiff re-alleges the facts of his claims as set out in Section II. G. of the Complaint, and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM. )

4. Terry Raybon is employed as Warden II. at Holman Correctional Facility. Raybon address is Holman Unit 3700 Atmore, Al. 36503-3700.

Raybon is responsible for the Security of Holman Prison and ensuring that the Laws, Regulation & Policies are followed and that the inmates are protected and provided Medical Care.

CLAIMS AGAINST RAYBON
I. Assault & Battery
II. Excessive Force
III. Failure To Protect/Intervene
IV. Denial Of Medical Care

Supporting Facts:

Plaintiff re-alleges the facts of his claims as set out in Section II. G. of the Complaint, and adopts and incoporates herein. (See Attachment to Complaint G. YOUR CLAIM.)

5. C. Mitchell is employed as Warden I. at Holman Correctional Facility. Mitchell address is Holman Unit 3700 Atmore, Al. 36503-3700.

Mitchell is responsible for the Security of Holman Prison and ensuring that the Laws, Regulations & Policies are followed and that the inmates are protected and provided Medical Care.

CLAIMS AGAINST MITCHELL

I. Assault & Battery
II. Excessive Force
III. Failure to Protect/Intervene
IV. Denial of Medical Care

6. Darryl Fails is employed as Captain of the Holman Prison. Fails address is Holman Unit 3700 Atmore, Al. 36503-3700.

Captain Fails is responsible for the Security of the Prison and ensuring that the Laws, Policies and Procedures are being followed, and ensuring that the inmates are protected and provided Medical Care.

CLAIMS AGAINST CAPTAIN FAILSURE:

I. Assault & Battery
II. Excessive Force
III. Failure to Protect/Intervene
IV. Denial of Medical Care

Supporting Facts:

Plaintiff re-alleges the facts of his claim as set out in Section II. G. of the Complaint, and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM.)

7. Ashley Kidd is employed as Leuitenant at Holman Correctional Facility. Kidd address is Holman Unit 3700 Atmore Al. 36503-3700.

Kidd is responsible for supervising and ensuring that the Laws, Regulations & Policies are followed and that the inmates are protected and provided Medical Care.

CLAIMS AGAINST KIDD:

I. Assault & Battery
II. Excessive Force
III. Failure to Protecte/Intervene
IV. Denial of Medical Care

Supporting Facts:

    Plaintiff re-alleges the facts of his claim as set out in Section II. G. of the Complaint, and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM.)

8. Officer Scarborough is employed as a Correctional Officer at Holman Correctional Facility. Scarborough address is Holman Unit 3700 Atmore, Al. 36503.

    Scarborough is responsible for the Security of the Prison and to protect the inmates from assaults, and ensure Medical Care.

CLAIMS AGAINST SCARBOROUGH

I. Assault & Battery
II. Failure to Protect/Intervene
III. Excessive Force

Supporting Facts:

    Plaintiff re-alleges the facts of his claim as set out in Section II. G. of the Complaint and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM.)

9. Officer Timothy Vignolo is employed as a Correctional Officer at Holman Prison. Vignolo address is Holman Unit 3700 Atmore Al. 36503-3700.

    Timothy Vignolo is responsible for the Security of the prison and to Protect the inmates from assaults and ensure Medical Care. Vignolo was assigned to Bravo Unit at the time of the Incident.

CLAIMS AGAINST VIGNOLO

I. Assault & Battery
II. Failure to Protect/Intervene
III. Excessive Force
IV. Denial of Medical Care

Supporting Facts:

    Plaintiff re-alleges the facts of his claims as set out in Section II. G. of the Complaint and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM.)

10. Cubicle Officer assigned to Cubicle 1. at 6:30am on November 9, 2016., is employed by Alabama Department of Corrections, as Correctional Officer, ²This defendant address is Holman 3700 Atmore Alabama 36503-3700.

**CLAIMS AGAINST THIS DEFENDANT:**

**I. Assault & Battery**

**II. Excessive Force**

**III. Failure to Protect/Intervene**

**IV. Denial of Medical Care**

**Supporting Facts:**

Plaintiff re-alleges the facts of his claim as set out in Section II. G. of the Complaint, and adopts and incorporates herein. (See Attachment of Complaint G. YOUR CLAIM.)

11. Nurse N. Walls is employed as Nurse at Holman Prison Infirmary and is responsible for providing Medical Services to the inmates at Holman by Corizon and Alabama Department of Corrections. Walls address is Holman 3700 Atmore Alabama 36503-3700.

12. Nurse Langford is employed as a nurse at Holman Prison Infirmary and is responsible for providing Medical Services to the inmates at Holman Prison by Corizon and Alabama Department of Corrections. Langford address is Holman Unit 3700 Atmore Alabama 36503.

13. Nurse 1, 2, 3, 4, is employed as nurses and/or Dental or Medical Assistants who were employed by Alabama Department of Corrections, to provide Medical Care to inmates at Holman Prison, and were so employed on November 9, 2016, and were present in the Infirmary during the hours of 6:30am thru 6:30pm, and refuse to provide a body chart and Medical Care to the inmates assaulted.

---

²Plaintiff preserve the right to Amend his Complaint upon discovery of this Specific Defendant Identity.

³This defendants address is Holman Unit 3700 Atmore Alabama 36503-3700.

## CLAIMS AGAINST DEFENDANTS 11, 12, 13,.

I. Denial of Medical Care

II. Inadequate Treatment

**Supporting Facts:**

Plaintiff re-alleges the facts of his calims as set out in Section II. G. of this Complaint and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM.)

14. All Alabama Department of Corrections Emergency Response Team (C.E.R.T.) Members, that entered Holman Correctional Facility on November 9, 2016, including those present on cite at the time of Assaults, between the hours of 5:30am---3:00pm, The CERT members includes but not limited to, McQuirter, Fountain, Bullard, Smith, J. Pryor, J. Staniford, S. Terry, D.Whitley, D. Dennis, J. Griffin, B. Walker, Duren, W. Streeter, Arthur, J. Baldwin, Lewis, Fleeton, Harrison, Robinson, Snelson, Brown, Edmund, Parker, J. Wilson, Knight, Mixon...⁴

The CERT Members are employed by the Alabama Department of Corrections at various Correctional Facilities around the State. Their principal address is 301 South Ripley Street Montgomery, Al. 36130.

---

³ The names of these defendants will be amended to the Complaint because the Plaintiff was denied access to Infirmary and/or n no Medical Care; Inadequate Care; and Treatment, these defendants, for Plaintiff to be specific as to his claims, will Amend such upon Discovery of Defendants names.

---

⁴ As previously mentioned because the CERT Members concealed their Identity during the Assaults, Plaintiff request leave to Amend Complaint upon Discovery.

The CERT Members, though they hold different positions and rankings as Correctional Officials, on November 9, 2016, they were responsible for the safety and protection of the inmates at Holman Prison and to ensure receipt of Medical Care.

## CLAIMS AGAINST CERT MEMBERS
I. Assault & Battery
II. Excessive Force
III. Failure to Protect/Intervene
IV. Denial of Medical Care

Supporting Facts:
   Plaintiff re-alleges the facts of his claims as set out in Section II. G. of this Complaint and adopts and incorporates herein. (See Attachment to Complaint G. YOUR CLAIM.)

      Writ of habeas  yes( ) no( )      yes( ) no( )
      corpus granted

C. If you answered yes to any of the questions state the Court or entity that relieved you from your conviction or sentence and the date: _____ **N/A** _____

V. State <u>briefly</u> exactly what you want the Court to do for you if you win (make no legal argument, cite no cases or statutes):

<u>$200,000 against each liable Defendants; Compensatory, Punitive,</u>
<u>Declaratory and Injunctive Relief; Trial by Jury; State Law</u>
Claims of Assault $ Battery; Slander; Harrassment and such other Relief as the Law and this Court Deem Just.

VI. **AFFIRMATION.** By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct.

7-26-17
Date

*Calvin Middleton*
(Signature of Plaintiff Under Penalty of Perjury)

Holman Unit 3700
Current Mailing Address

Atmore, Al. 36503

_____
Telephone Number

<u>PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN HIS ADDRESS. E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.</u>

Calvin Middleton
#201915  B-32
3700 Holman Unit
Atmore, Ala
    36503-3700

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the ADOC is not responsible for the substance or content of the enclosed communication."

Office of the Clerk
U.S. District Court
Southern Dist. of Alabama
113 St. Joseph Street
Mobile, Alabama
        36602